Jonathan H. Johnson
OSB #091184
jonathan@moorelawgrouppc.com
John C. Moore
OSB # 920998
john@moorelawgrouppc.com
Moore Law Group, PC
4248 Galewood Street
Lake Oswego, OR 97035
Ph:    503-675-4300
Fax:   503-675-4301

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL SIMON, | ) Case No. |
| Plaintiff, | ) |
| v. | ) COMPLAINT: Products Liability, Negligence, Fraudulent Misrepresentation, Elder Abuse |
| HANGER PROSTHETICS & ORTHOTICS WEST, INC, a Texas Corporation, and JEREMY D. BILOW, an individual, | ) Demand for Jury Trial |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Michael Simon (hereafter "Plaintiff") by and through his attorney, Jonathan H. Johnson, of Moore Law Group, PC, brings his complaint herein and states and alleges as follows:

///

///

///

1 COMPLAINT

## INTRODUCTORY STATEMENT

1.

This court has jurisdiction over Plaintiff's claims because the matter in controversy exceeds $75,000 and is between citizens of different states, under 28 U.S.C. §§ 1332.

2.

Venue is proper under 28 U.S.C. § 1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiffs' claims for relief arose in this district in the Portland Division.

3.

The court has supplemental jurisdiction over Plaintiff's pendent state law claims under 28 U.S.C. § 1367.

## PARTIES

4.

At all material times, Plaintiff was a resident of the city of Portland, Multnomah County, Oregon.

5.

At all material times, Defendant Hanger Prosthetics & Orthotics West, Inc. (hereafter "Hanger"), is a for-profit corporation which is in the business of manufacturing, fitting and selling prosthetic, orthopedic and surgical appliances and garments and does business in Portland, Oregon at 2824 SW Sam Jackson Park Rd., Portland, OR 97201-3006.

///

///

///

6.

The Defendant, Jeremy D. Bilow (hereafter "Bilow), upon information and belief is a resident of the state of Oregon and is/was an employee of Hanger in Portland, Oregon at all material times.

## FACTUAL ALLEGATIONS

7.

In approximately November 2018, Hanger, together with its employee Bilow, designed manufactured, fitted, and sold to Plaintiff, age 74, a new "quantum hand system" (hereafter referred to as the " robotic device") for his right hand and forearm. At all times material, Bilow was acting within the course and scope of his employment with Hanger.

8.

Prior to this sale, Plaintiff had suffered a wood chipping accident. This caused Plaintiff the loss of his dominant right hand. The injury involved the wood chipper cutting off multiple fingers, followed by surgical amputation at Plaintiff's right wrist. Plaintiff suffered from phantom pain on his remaining right forearm.

9.

At initial contact, Plaintiff informed Hanger and Bilow of his concerns and his emotionally distressed mental state. He needed aid in performing the basic life functions of eating, writing, and driving an automobile. Plaintiff informed Bilow that he needed a fiduciary and was relying on Bilow to act in his best interests. Plaintiff was willing to pay whatever was needed to be able to thrive.

///

//

3   COMPLAINT

10.

Bilow agreed to act as Plaintiff's fiduciary. As alleged in paragraph 7 above, Bilow designed, manufactured, and sold Plaintiff a robotic device. From the time Bilow sold the robotic device to Plaintiff until the time that Plaintiff demanded a refund, Bilow did not inform Plaintiff that he had the alternative of learning to use his left hand to eat and for basic writing, and that he had the choice of using his left hand and right forearm to comfortably and legally drive any car. When Plaintiff drove 150 miles to Gig Harbor to meet with Hanger's worldwide technical director, said director took one look at the robotic device and stated it was not the preferred solution for learning to drive. Plaintiff also discovered the $70,000 robotic device was incapable of holding eating utensils in a position for eating, and of holding writing utensils in the position for writing. At the time Plaintiff finally determined the device was useless, Plaintiff asked for a full refund, and Hanger declined to pay the refund.

## **FIRST CLAIM FOR RELIEF: Oregon Products Liability Act**

## **(Against Hanger and Bilow)**

11.

Plaintiff realleges paragraphs 1 through 10.

12.

Hanger and Bilow were engaged in the sale of a product in a defective condition unreasonably dangerous to Plaintiff. This was the sale of a product which was not capable of being safely used to drive. Therefore, Hanger and Bilow are liable for the physical harm to Plaintiff pursuant to ORS 30.920.

///

13.

Pursuant to ORS 30.926, Hanger and Bilow are liable to Plaintiff for punitive damages for the following reasons:

(1) after Plaintiff informed Bilow that he was in a vulnerable state from a traumatic injury from which he lost his dominant right hand, and needed Bilow and Hanger to be his fiduciary and placing his trust in Bilow and Hanger, Bilow and Hanger, acting in their fiduciary capacity, sold, designed, manufactured, and fitted the robotic device, for the purpose of Plaintiff driving an automobile, charging Plaintiff approximately $70,000 for said robotic device, knowing the device was counter-indicated for that purpose;

(2) Bilow and Hanger placed Plaintiff in a likelihood of serious harm from an automobile accident, knowing that the device would not function for driving an automobile and that the device, in fact, would interfere with driving an automobile;

(3) Hanger and Bilow concealed this counter-indication from Plaintiff for approximately 1 year and 3 months after taking his money, as Plaintiff tried to make the device function for driving;

(4) At the time of sale by Bilow, Plaintiff did not have the benefit of knowing Ryan Blanck's later comment that the device was "not the preferred solution." In fact, if forced to use the robotic device for driving, the robotic device interfered with driving so as to put Plaintiff in harm's way;

(5) Upon learning of Defendants' misrepresentation, Plaintiff demanded a refund. Hanger refused to refund Plaintiff his $70,000 for this non-functional device;

///

///

(6) An award of punitive damages would deter Hanger and Bilow from selling, designing, and manufacturing prosthetic and orthotic devices which are not a solution for the purpose requested by the patient and customer.

14.

Plaintiff is entitled to punitive damages under ORS 30.925.

15.

Plaintiff has suffered economic damages of approximately $70,000.

16.

Plaintiff has experienced mental suffering, inconvenience, interruption in his ability to perform daily activities, and other noneconomic damages under Oregon Law, all for which Plaintiff requests a sum which a jury decides is fair, but not to exceed the sum of $2,000,000.

### SECOND CLAIM FOR RELIEF: Negligence
### (Against Hanger and Bilow)

17.

Plaintiff realleges paragraphs 1 through 14.

18.

Bilow and Hanger were negligent because Plaintiff needed and requested a fiduciary. Plaintiff communicated this need to Bilow. Bilow agreed to act as Plaintiff's fiduciary. In his role as Plaintiff's fiduciary, Bilow sold, designed, manufactured, and fitted a robotic device which was reasonably foreseeable to be challenging to use for writing or eating, and would be dangerous for driving.

///

19.

Hanger was negligent in their supervision of Bilow designing and constructing the robotic device. Hanger was negligent in not providing Plaintiff with information, as referenced in paragraph 10 above and other related paragraphs. Additionally, Hanger was negligent in not issuing a refund for the robotic device.

20.

As a result of their negligence, Bilow and Hanger are liable to Plaintiff for economic damages and noneconomic damages to Plaintiff, described in paragraphs 20 and 21 above.

### THIRD CLAIM FOR RELIEF: Fraudulent Misrepresentation
### (Against Hanger and Bilow)

21.

Plaintiff realleges paragraphs 1 through 20.

22.

Bilow omitted material information from his discussions with Plaintiff. As a result of fraud by Hanger and Bilow, Defendants Hanger and Bilow are liable to Plaintiff for economic damages and noneconomic damages, described in paragraphs 19 and 20 above.

### SIXTH CLAIM FOR RELIEF: Elder Financial Abuse
### (Against Hanger and Bilow)

23.

Plaintiff realleges paragraphs 1 through 20.

24.

At the time of defendant Hanger and Bilow's taking of $70,000 from Plaintiff, Plaintiff was 74 years old.

///

25.

Based on the facts alleged above, Hanger and Bilow are liable to Plaintiff under ORS 124.100 et seq. for elder abuse, an amount equal to three times Plaintiff's economic damages, an amount to three times Plaintiff's non-economic damages, and Plaintiff's reasonable attorney fees and costs.

WHEREFORE Plaintiff requests that this Court grant judgment as follows:

1. Judgment against Defendants for economic damages in the amount of $70,000, the exact amount to be proven at trial;

2. Judgment against Defendants for non-economic damages in the amount not to exceed $2,000,000, the exact amount to be proven at trial;

3. That this case by tried before a jury;

4. Judgment against Defendants for three times Plaintiff's economic or non-economic damages as awarded by a jury;

5. Judgment against Defendants for punitive damages in a fair and reasonable amount to be proven at trial;

6. Judgment against Defendants for deterrence damages in a fair and reasonable amount to be proven at trial; and

7. Judgment for costs, interest, attorney fees and such other and further relief as the Court deems just and equitable.

DATED August 18, 2020

Jonathan H. Johnson, OSB 091184
Email: jonathan@moorelawgrouppc.com
John C. Moore, OSB 920998
Email: john@moorelawgrouppc.com
Ph: 503-675-4300
Fax: 503-675-4301